TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Nitzkin & Associates
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Gary Quinones*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Quinones, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Trans Union, LLC, a Delaware limited liability company, First Premier Bank, a South Dakota Corporation; and Crescent Bank and Trust, a Louisiana Corporation, Defendants. | **JURY TRIAL DEMANDED** |

NOW COMES THE PLAINTIFF, GARY QUINONES, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681, *et seq.*, and 28 U.S.C. §§1331, 1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Surprise, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Trans Union, LLC ("Trans Union"), which is an Delaware company that maintains a registered agent in Maricopa County, Arizona;

   b. First Premier Bank ("First Premier"), which is a South Dakota company that conducts business in Maricopa County, Arizona; and

   c. Crescent Bank and Trust ("Crescent Bank"), which is a Louisiana company that conducts business in Maricopa County, Arizona.

**GENERAL ALLEGATIONS**

6. The following furnishers are reporting their trade lines ("Errant Trade Lines") on Mr. Quinones's Trans Union credit file with multiple "Charged-off" language:

    a. First Premier Bank, Account Number: 517800781666XXXX; and

    b. Crescent Bank and Trust, Account Number: 10034XXXX.

7. In approximately December 2014, Mr. Quinones disputed the Errant Trade Lines.

8. On or about May 1, 2015, Mr. Quinones obtained his Trans Union credit file and noticed that the multiple "KD" language was continuing to report on the Errant Trade Lines.

9. On or about July 1, 2015, Mr. Quinones submitted a letter to Trans Union, disputing the multiple "KD" language on the Errant Trade Lines.

10. Upon information and belief, Defendant Trans Union forwarded Mr. Quinones's dispute to Defendants First Premier and Crescent Bank.

11. On or about July 28, 2015, Mr. Quinones received Trans Union's investigation results, which showed that Crescent Bank and First Premier both retained multiple "Charged-off" language on the Errant Trade Lines.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

12. Plaintiff re-alleges the above paragraphs as if recited verbatim.

13. After being informed by Trans Union of Mr. Quinones's consumer dispute regarding the Errant Trade Lines, First Premier negligently failed to conduct a proper reinvestigation of Mr. Quinones' disputes as required by 15 USC 1681s-2(b).

14. First Premier negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Trans Union to remove the multiple "charged-off" language from the Errant Trade Line from Mr. Quinones's consumer credit report.

15. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Quinones's consumer credit file with Trans Union to which it is reporting such trade line.

16. As a direct and proximate cause of First Premier's negligent failure to perform its duties under the FCRA, Mr. Quinones has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

17. First Premier is liable to Mr. Quinones by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

18. Mr. Quinones has a private right of action to assert claims against First Premier arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against First Premier for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

19. Plaintiff re-alleges the above paragraphs as if recited verbatim.

20. After being informed by Trans Union that Mr. Quinones disputed the accuracy of the information it was providing, First Premier willfully failed to conduct a proper reinvestigation of Mr. Quinones' dispute.

21. First Premier willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

22. As a direct and proximate cause of First Premier's willful failure to perform its respective duties under the FCRA, Mr. Quinones has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. First Premier is liable to Mr. Quinones for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount

to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against First Premier for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CRESCENT BANK

24. Plaintiff re-alleges the above paragraphs as if recited verbatim.

25. After being informed by Trans Union of the Plaintiff's consumer dispute regarding the Errant Trade Line, Crescent Bank negligently failed to conduct a proper reinvestigation of Mr. Quinones's dispute as required by 15 USC 1681s-2(b).

26. Crescent Bank negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Trans Union to remove the multiple "charged-off" language from the Errant Trade Lines from Mr. Quinones's consumer credit report.

27. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Quinones's consumer credit file with Trans Union to which it is reporting such trade line.

28. As a direct and proximate cause of Crescent Bank's negligent failure to perform its duties under the FCRA, Mr. Quinones has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

29. Crescent Bank is liable to Mr. Quinones by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

30. Mr. Quinones has a private right of action to assert claims against Crescent Bank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Crescent Bank for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CRESCENT BANK**

31. Plaintiff re-alleges the above paragraphs as if recited verbatim.

32. After being informed by Trans Union that Mr. Quinones disputed the accuracy of the information it was providing, Crescent Bank willfully failed to conduct a proper reinvestigation of Mr. Quinones's dispute.

33. Crescent Bank willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

34. As a direct and proximate cause of Crescent Bank's willful failure to perform its respective duties under the FCRA, Mr. Quinones has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

35. Crescent Bank is liable to Mr. Quinones for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Crescent Bank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

36. Plaintiff re-alleges the above paragraphs as if recited verbatim.

37. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Quinones as that term is defined in 15 USC 1681a.

38. Such reports contained information about Mr. Quinones that was false, misleading, and inaccurate.

39. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Quinones, in violation of 15 USC 1681e(b).

40. After receiving Mr. Quinones' consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

41. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Quinones has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

42. Trans Union is liable to Mr. Quinones by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

43. Plaintiff re-alleges the above paragraphs as if recited verbatim.

9

44. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Quinones as that term is defined in 15 USC 1681a.

45. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

46. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Quinones, in violation of 15 USC 1681e(b).

47. After receiving Mr. Quinones' consumer dispute to the Errant Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

48. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Quinones has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

49. Trans Union is liable to Mr. Quinones by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

1.    **WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual

10

damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:  October 6, 2015                         NITZKIN & ASSOCIATES

                                                By: _*/s/  Trinette G. Kent*_
                                                Trinette G. Kent
                                                Attorneys for Plaintiff,
                                                Gary Quinones

Case 2:15-cv-01994-SMM   Document 1   Filed 10/06/15   Page 12 of 12